# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| **JUDGE** | Michael B. Slade | **Case No.** | 26 B 06249 |
|---|---|---|---|
| **DATE** | June 4, 2026 | **Adversary No.** | |
| **CASE TITLE** | In re Brian M Awad | | |
| **TITLE OF ORDER** | Order Denying Motion for Relief from Stay Without Prejudice [Re: Docket No. 13] | | |

**DOCKET ENTRY TEXT**

PennyMac Loan Services, LLC's Motion for Relief from Stay [Docket No. 13] is denied without prejudice.

## STATEMENT

PennyMac Loan Services, LLC ("PennyMac") asks me to lift the automatic stay to permit it to exercise in rem, non-bankruptcy remedies with respect to the collateral securing its mortgage note.  (Dkt. No. 13)

On February 5, 2025, I published (and, on January 27, 2026, I updated) procedures that I expect attorneys to follow, which are available on the Bankruptcy Court's website at https://www.ilnb.uscourts.gov/content/judge-michael-b-slade.  One of those procedures requires those seeking relief from the automatic stay to attempt to meet and confer with the Debtor *before* filing the motion and to report on that meet and confer in the text of the motion (i.e., Debtor did not respond to creditor's outreach, Debtor opposes the relief requested, Debtor does not object to stay relief).  *See* Procedures § 3(A)(i).  The docket in this case includes a conspicuous notice that all parties are expected to comply with my procedures, and that failure to do so may result in the denial of requested relief.  (Dkt. No. 6)

I adopted the meet-and-confer procedure to better manage my docket and reduce costs and burden for litigants.  And complying with the requirement to meet and confer is not burdensome.  Rather it takes offline many of the negotiations that were being had in open court, streamlining both the motion calls (to everyone's benefit) and my ability to grant the relief ultimately desired (often a repay order or a plain vanilla lift stay order) where appropriate, efficiently and by agreement.  I regularly grant compliant unopposed motions without a hearing.

Here, counsel for the movant did not comply with the requirement to include details of a pre-filing meet and confer in the motion.

1

PennyMac's motion is thus denied without prejudice for failing to follow my procedures. PennyMac has leave to file a new, compliant motion.  PennyMac is prohibited from charging or otherwise passing along to the Debtor (or any co-Debtor) any incremental costs (such as attorney's fees or filing fees) incurred in connection with filing a revised motion or otherwise on account of the non-compliance detailed above.

ENTERED:

_____

Michael B. Slade
United States Bankruptcy Judge